UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARIA L. BERRY, on behalf of ) | Case No.: 1:19 CV 2472 |
| JOEL ALLEN BERRY ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | JUDGE SOLOMON OLIVER, JR. |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant ) | ORDER |

The Commissioner of Social Security Administration ("Commissioner") denied disability benefits to Joel Allen Berry ("Claimant") in the above-captioned case. Plaintiff Maria L. Berry ("Plaintiff" or "Berry") sought judicial review of the Commissioner's decision, and this court referred the case to Magistrate Judge James R. Knepp, II, ("Magistrate Judge" or "Judge Knepp") for preparation of a Report and Recommendation (the "R & R"). Both parties submitted briefs on the merits. (ECF Nos. 12, 14, 15.) Plaintiff requested an order vacating the Commissioner's decision and remanding the case on the grounds that the Administrative Law Judge ("ALJ") erred for two reasons: (1) the ALJ's RFC determination was not supported by substantial evidence and (2) the ALJ failed to properly explain his credibility determination with sufficient specificity. (Pl.'s Br., ECF No. 12.) The Commissioner sought final judgment upholding the decision below. (Def.'s Br., ECF No. 14.)

Judge Knepp submitted a R & R (ECF No. 16) on September 22, 2020, recommending that the court affirm the Commissioner's decision. First, the Magistrate Judge found that the ALJ's discounting of the opinion offered by consultative psychological examiner, Dr. Mitchell Wax ("Dr. Wax"), was supported by substantial evidence. (R & R at PageID #1163, ECF No. 16.) In assessing Dr. Wax's opinion, the ALJ determined that it was inconsistent with the testing and medical evidence in the record. (*Id*. at PageID #1162–1163.) The R&R explains that the ALJ's decision was supported by substantial evidence because he explicitly addressed the consistency and supportability of Dr. Wax's opinion, as required by 20 C.F.R. § 404.1520c(b)(2). (*Id*. at PageID #1162.) Second, the Magistrate Judge found that "[r]ead as a whole, the ALJ's decision adequately explained the basis of his subjective symptom evaluation, which is entitled to great weight and deference." (*Id*. at PageID #1169 (citing *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 392 (6th Cir. 2004)).) As noted in the R & R, the ALJ described the opinion evidence at issue in detail, and explained which opinions he found more or less persuasive. (*Id.*) As a result, Judge Knepp found "no compelling reason" to disturb the ALJ's subjective symptom evaluation and recommended that the Commissioner's decision be affirmed. (*Id.* at PageID #1169–1170.)

On October 1, 2020, Plaintiff filed her Objections to the R & R. (ECF No. 17.) In her Objections, Plaintiff asserts that this court should reject the Magistrate Judge's R & R because the ALJ's consideration of Claimant's ability "to prepare meals, pay bills, shop, and drive," has no bearing on his ability to hold a job outside the home. (Obj. at PageID #1172, ECF No. 17.) In response, the Commissioner counters that "[t]he ALJ did not find that [Claimant's] ability to perform activities such as shopping . . . showed he could sustain full-time work, but instead that it suggested his limitations . . . were not as severe as he alleged or as Dr. Wax opined." (Resp. at

PageID #1176.) The Commissioner's argument is well-taken. As the Sixth Circuit has made clear, "[a]n ALJ may also consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 532 (6th Cir. 1997) And as the Magistrate Judge pointed out, even if "Plaintiff can point to evidence to support a contrary conclusion, this court must affirm so long as substantial evidence also supports the conclusion reached by the ALJ."(R & R at PageID #1169, ECF No. 16 (citing *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003)).) As explained above, the court agrees with Judge Knepp's conclusion that the ALJ's decision was supported by substantial evidence. As a result, this court must give deference to the ALJ's determination. *See Buxton v. Halter*, 246 F.3d 762, 772–73 (6th Cir. 2001).

    Therefore, the court finds, after careful *de novo* review of the R & R and all other relevant documents in the record, that the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts as its own Judge Knepp's Report and Recommendation (ECF No. 16). The court hereby affirms the Commissioner's final decision.

    IT IS SO ORDERED.

    /s/ *SOLOMON OLIVER, JR.*
    UNITED STATES DISTRICT JUDGE

October 30, 2020